NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 19-54

MARY DALCOURT

VERSUS

GREG DALCOURT

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 20181697
HONORABLE JULES DAVIS EDWARDS, DISTRICT JUDGE

**********

BILLY H. EZELL

JUDGE

**********

Court composed of John D. Saunders, Billy H. Ezell and Jonathan W. Perry, Judges.

MOTION TO DISMISS APPEAL DENIED.
APPEAL DISMISSED ON THE COURT'S OWN MOTION AND
APPEAL CONVERTED INTO APPLICATION FOR
SUPERVISORY WRIT.
WRIT DENIED.

Scott M. Hawkins
R. Chris Oetjens
Brandi A. Barze
Hawkins, Oetjens, Barze
913 South College Rd
Lafayette, LA 70503
(337) 210-8818
COUNSEL FOR PLAINTIFF/APPELLEE:
    Mary Dalcourt

**Greg Dalcourt**
**131 Hebert Road, Lot 50**
**Lafayette, LA 70506**
**DEFENDANT/APPELLANT**
      **In Proper Person**

**EZELL, Judge.**

Appellee, Mary Dalcourt, moves to dismiss the appeal by Appellant, Greg Dalcourt, as having been filed untimely. For the reasons given below, we deny the motion to dismiss, but, on this court's own motion, we dismiss the appeal, convert it into an application for supervisory writ, and deny the writ application.

In her petition for divorce from Greg, Mary sought interim spousal support, in addition to other relief. The parties appeared before a hearing officer. On May 10, 2018, the hearing officer made findings of fact and findings of law, and based on those, entered recommendations. The hearing officer found that Greg failed to prove his business expenses through proper evidence and found that he had a monthly income in excess of $18,000 per month through self-employment. Therefore, the hearing officer recommended that Greg be ordered to pay: the house note on the former marital home in which Mary was continuing to live, the car note on the vehicle Mary was using, the car insurance on this vehicle, Mary's cellular phone bill, and $500 per month to Mary for interim spousal support. The hearing officer further found that Greg was in arrears for the interim spousal support by $900 and recommended that he be ordered to repay that amount in payments of $50 per month.

On May 17, 2018, Greg filed his objection to the hearing officer's findings and recommendations. The trial court held a hearing on Greg's objections on May 29, 2018. However, at this hearing, the trial court also found that Greg again failed to prove his monthly expenses through competent evidence. Therefore, the trial court signed a judgment on May 29, 2018, which ordered Greg to pay the items recommended by the hearing officer. The district court sent Greg notice of judgment on May 30, 2018.

On June 19, 2018, Greg filed a notice of intent to seek supervisory review of the trial court's ruling. Greg filed his writ application with this court on August 13, 2018. This court entered the following disposition in *Dalcourt v. Dalcourt*, 18-631 (La.App. 3 Cir. 8/23/18) (unpublished writ ruling):

> **STAY DENIED.**
> **WRIT DENIED.** We find that the ruling at issue is a partial judgment under La.Code Civ.P. art. 1915(B). Accordingly, the relator has an adequate remedy by ordinary appeal after a complete adjudication of the suit. Appellate courts generally will not exercise their supervisory jurisdiction when an adequate remedy exists by appeal. *Douglass v. Alton Ochsner Medical Found.*, 96-2825 (La. 6/13/97), 695 So.2d 953. Accordingly, we deny the writ.

Therefore, on October 23, 2018, Greg filed a notice of appeal with the trial court. The trial court signed the order granting the appeal on October 25, 2018. The appeal record was lodged in this court on January 22, 2019. This court filed Mary's motion to dismiss the appeal on February 14, 2019.

Mary contends that Greg's motion for appeal was filed untimely. This court, in *Dalcourt*, 18-631, ruled that the judgment at issue was a partial judgment pursuant to La.Code Civ.P. art. 1915(B). Thus, according to this court's prior ruling, in order to be appealable, the judgment must be designated final, for express reasons given. Without a designation as final and appealable, the ruling is merely interlocutory. As no statute specifically states that interlocutory rulings like this one are expressly appealable, no appeal delays have commenced to run on this judgment as it is not properly appealable at this time. La.Code Civ.P. art. 2083. Therefore, we deny the motion to dismiss the appeal on the basis of the appeal having been filed untimely.

However, in light of the finding that the subject judgment was never designated final, as noted above, we are constrained to find that the judgment is not

2

appealable. Therefore, this court, on its own motion, dismisses the instant appeal. However, in light of the fact that Greg is representing himself and apparently did not seek to have the instant judgment designated final, we find that justice requires that we convert the instant appeal into a writ application and consider the merits of Greg's arguments through the discretionary exercise of this court's jurisdiction. Unlike the filings this court had before it in the earlier writ application, this court now has the complete record in this case and briefs on the issues by both parties.[1]

At the hearing before the trial court on May 29, 2018, Greg appeared and stated that he had brought three years' tax returns which he claimed would support his assertion that his income was significantly less than what the hearing officer had determined it to be. He asked the trial court to send the matter back to the hearing officer so that he could present this evidence and obtain a new set of findings of facts and recommendations from the hearing officer. However, the tax returns were never offered into evidence at the hearing before the trial court, and they do not appear in this court's appellate record. Greg did offer his personal testimony to the effect that he had a gross income from his self-employed job of over $18,000 per month, but he claimed that he had expenses associated with that income that offset the entire amount of it.

After hearing from both parties, the trial court stated, "The evidence that you presented did not convince me that your assertions of fact were correct." This court reviews findings of fact under the manifest error/clearly wrong standard of review. *Rosell v. ESCO*, 549 So.2d 840 (La.1989). Based on the record before this

---

[1]No request for oral argument was made by either party in this appeal. We find no need to order oral argument as we find the briefs and the record sufficient for purposes of reviewing the propriety of the trial court's ruling.

court, we find no manifest error in the trial court's ruling.  Therefore, finding no error in the trial court's ruling, we deny the writ application.

**MOTION TO DISMISS APPEAL DENIED.**
**APPEAL DISMISSED ON THE COURT'S OWN MOTION AND**
**APPEAL CONVERTED INTO APPLICATION FOR**
**SUPERVISORY WRIT.**
**WRIT DENIED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3 Uniform Rules, Court of Appeal.